**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

KRISTEN HART,

          Plaintiff,

             v.

UNIVERSITY OF SCRANTON and
PROFESSOR GEORGE JONES

          Defendants.

CIVIL ACTION NO. 3:11-CV-1576

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is the Defendants' Motion to Dismiss of Plaintiff's Complaint.  (Doc. 6).  Plaintiff alleges she was expelled from Defendant University of Scranton in breach of her contract with the University, and based upon fraudulent misrepresentations made by the Defendants.  The Defendants argue that Plaintiff has failed to state a claim on both counts.  The Court agrees, and for the reasons below will dismiss Plaintiff's Complaint, giving leave to amend.

## BACKGROUND

Plaintiff alleges the following.  From January 2009 to approximately August 2010, Plaintiff Kristen Hart was an online student at the University of Scranton in Scranton, Pennsylvania. (Compl. at ¶¶ 13-15, Doc. 1).  One of her classes, a practicum in elementary education, was taught by  Professor George Jones.  Plaintiff included text she composed for another class in an assignment for Professor Jones, which Professor Jones construed as plagiarism.  (*Id.* at ¶¶ 16-17).  As a result, Hart received a zero grade for the course and was expelled from the University.  By the time of her expulsion, Hart had spent more than $15,000 on her education at the University of Scranton.  Her expulsion has also harmed her

ability to advance at the school where she is a teacher.  (*Id.* at ¶ 20).

On August 23, 2011, Hart, a citizen of New Jersey, brought this action pursuant to diversity jurisdiction against the Pennsylvania Defendants, alleging breach of contract and fraudulent misrepresentation.  She is seeking damages in excess of $150,000, as well as equitable relief, including reinstatement at the University. (*Id.* at ¶¶ 21, 24).  On October 28, 2011, the Defendants filed their Motion to Dismiss (Doc. 6) for failing to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure Rule 12(b)(6).  The Motion to Dismiss has now been fully briefed and is ripe for review.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether a plaintiff will ultimately prevail.  *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim.  *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555).  Detailed factual allegations are not required.

2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211. Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

As such, the inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

In deciding a motion to dismiss, the Court should consider the allegations in the

3

complaint, exhibits attached to the complaint, and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss.  *Id.*  The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

## II. Plaintiff's Claim for Breach of Contract

Hart alleges that the Defendants breached their contractual obligations by "violating covenants in the University handbook pertaining to plagiarism."  (Compl. at ¶ 23(a), Doc. 1).  She alleges a further list of omissions by the Defendants, including their failure to: (a) articulate clear standards of dismissal; (b) provide "adequate notice of alleged deficient performance;" and (c) allow Hart a disciplinary hearing with an opportunity to confront witnesses and present evidence.  (*Id.* at ¶ 23(c)-(f)).  The Defendants argue that Hart fails to state a contractual claim against them as she does not reference any specific contractual terms that have been violated by the Defendants.  The Court agrees.

In Pennsylvania, "the relationship between a private educational institution and an enrolled student is contractual in nature."  *Swartley v. Hoffner*, 734 A.2d 915, 919 (Pa. Super. Ct. 1999).  This contractual arrangement is derived solely from "the written guidelines, policies, and procedures as contained in the written materials distributed to the

4

student over the course of their enrollment in the institution." *Id.*  As such, a complaint must point to specific failures on the part of a university within these written materials.  *Id.* (finding that a complaint "cannot stand unless linked to the written policies of the university"); *see also Vurimindi v. Fuqua School of Business*, 435 Fed.Appx. 129, 133 (3d Cir. 2011) (finding that, under Pennsylvania law, "allegations must relate to a specific and identifiable promise that the school failed to honor."); *Gundlach v. Reinstein*, 924 F.Supp. 684, 689 (E.D. Pa. 1996) (finding that a complaint did not state a claim for relief under breach of contract where the plaintiff failed "to identify the specific benefits [the student] was allegedly promised, the means by which he was promised them, and the manner in which Defendants allegedly reneged on those promises.").

In her Complaint, Plaintiff fails to cite any specific contractual breach on the part of any Defendant.  Instead, she argues that discovery is necessary to determine what procedures were promised by the University, and what procedures were actually afforded to Hart.  (Pl.'s Br. In Opp'n at 5, Doc. 8).  However, the Court finds that Hart's claim must fail as a matter of law where she has failed to point to any specific provisions breached by the University.  While Plaintiff argues that an implied contract existed between the parties, and points in her brief to a number of cases that are either off-point or from other jurisdictions,[1] the law in Pennsylvania is clear–a breach of contract claim by a student

---

[1]In particular, Hart cites to *Behrend v. State*, 55 Ohio App. 2d 135, 379 N.E.2d 617 (1977).  There, an Ohio Court of Appeals found an implied contract existed where students were "repeatedly assured by members of the university's faculty and administrative personnel that if they attended the school and worked extremely hard they could obtain an accredited degree in architecture" and such program was subsequently terminated.  *Id.* at 136.  In Pennsylvania, an implied in fact contract "is an actual contract which arises where the parties agree upon the obligations to be incurred, but their intention, instead of being expressed in words, is inferred from their acts in the light of the surrounding

against a university requires: "1) the existence of a contract and its terms; 2) a breach of the

duty imposed by the contract; and 3) damages that resulted." *Furey v. Temple University*,

730 F.Supp.2d 380, 400 (E.D. Pa. 2010) (citing *CoreStates Bank v. Cutillo*, 723 A.2d 1053,

1058 (Pa.Super.Ct. 1999)).  Although Hart has pleaded the existence of a contract, she has

failed to plead the terms of such contract, or a specific breach of those terms.  As such, the

Court agrees that Plaintiff has failed to state a claim and will grant the Defendant's Motion

to Dismiss.

Of course, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must

permit a curative amendment unless such an amendment would be inequitable or futile."

*Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (citation omitted).

Furthermore, Federal Rule of Civil Procedure 15(a) directs the Court to "freely give leave

───────────────

circumstances." *Rissi v. Cappella*, 918 A.2d 131, 140 (Pa.Super.Ct. 2007) (citing *Martin v. Little, Brown and Co.*, 304 Pa.Super. 424, 450 A.2d 984, 987 (1981)).  However, even assuming an unwritten promise might suffice in a contract claim between a student and a university, the Court does not find that an implied in fact contract would relieve Hart of her burden of pointing to specific representations that have been breached.  The Superior Court of Pennsylvania appears to have interpreted *Behrend* exactly as such:

> We can fathom no policy against permitting a cause of action for breach of contract or misrepresentation where, for example, a private trade school has made a positive representation that a certain curriculum will be offered and the student then finds that such curriculum is not available or where the school has asserted that it is accredited or licensed to give a certain degree and it is later discovered that this is false.  In such a case, the nature of the contractual undertaking and the breach thereof are clear and the plaintiff may be able to establish a cause of action against the offending institution.

*Cavaliere v. Duff's Business Institute*, 605 A.2d 397, 369-70 (Pa.Super.Ct. 1992).  Hart must point to concrete representations that have been breached by the Defendants.

when justice so requires." This principle applies equally in situations where a Plaintiff does not affirmatively seek a leave to amend, though a court may ultimately dismiss if the Plaintiff does not submit such an amended pleading. *Phillips*, 515 F.3d at 245. Therefore, the Court will afford Hart an opportunity to amend her Complaint on this claim.

### III.  Plaintiff's Claim for Fraudulent Misrepresentation

Hart alleges that the Defendants "fraudulently misrepresented to plaintiff that she had violated her contract with the University" and that "she had violated the code of academic dishonesty." (Compl. at ¶¶ 27-28, Doc. 1). The Defendants argue that Hart has failed to properly plead a fraud claim, and that her fraud claim also fails under the "gist of the action doctrine." The Court agrees that Hart has failed to plead fraudulent misrepresentation, but is not persuaded that the gist of the action doctrine necessarily applies.

Fraudulent misrepresentation requires: "(1) A representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and, (6) the resulting injury was proximately caused by the reliance." *Ira G. Steffy & Son, Inc. v. Citizens Bank of Pa.*, 7 A.3d 278, 290 (Pa.Super.Ct. 2010). The Court does not find that Hart has alleged these necessary elements, nor has she alleged them with the particularity required of a fraud claim under Federal Rule of Civil Procedure Rule 9(b). *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (holding that Rule 9(b) requires "sufficient particularity to place the defendant on notice of the 'precise misconduct with which it is charged.'") (citation omitted). However, the only representation contained within Hart's Complaint is Defendant Jones's accusation of plagiarism and unprofessional conduct. (Compl. at ¶ 16, Doc. 1). While this representation

could count towards Hart's claim that the Defendants fraudulently represented to her that she had violated the University's code, there are no further allegations that it was made falsely, with the intent to induce reliance, and that it was actually and reasonably relied upon.  Moreover, there are no alleged statements attributable to the Defendant University. As such, the Court holds that Hart has failed to plead a viable claim for fraudulent misrepresentation as against all Defendants.

The Court, however, cannot determine that Hart's fraudulent misrepresentation claims are barred by the gist of the action doctrine.  "Under Pennsylvania law, tort claims allegedly committed in the course of carrying out a contract are dismissible if the 'gist' of them sounds in contract instead of tort."  *Berger & Montague, P.C. v. Scott & Scott, LLC*, 153 F.Supp.2d 750, 753 (E.D. Pa. 2001).  Specifically, the doctrine "precludes a party from raising tort claims where the essence of the claim actually lies in a contract that governs the parties' relationship."  *Sullivan v. Chartwell Inv. Partners, LP*, 873 A.2d 710, 718 (Pa.Super.Ct. 2005).  Therefore, it is true, as Defendants argue, that Hart cannot recover in tort for losses that resulted from a breach of contract.  However, the Court cannot yet say that Hart's claim for fraudulent misrepresentation necessarily arose from the University's alleged breach of contract since the very existence of the contract is unsettled.

Therefore, the Court will dismiss Hart's fraudulent misrepresentation claim while granting leave to amend.

## CONCLUSION

For the reasons above, the Court will dismiss Plaintiff's Complaint in full for failing to state a cause of action.  Plaintiff will be given twenty-one (21) days in which to submit an Amended Complaint.  An appropriate Order follows.


 December 16, 2011                                                           /s/ A. Richard Caputo
Date                                                                             A. Richard Caputo
                                                                                  United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KRISTEN HART,

     Plaintiff,

         v.

UNIVERSITY OF SCRANTON and
PROFESSOR GEORGE JONES

     Defendants.

CIVIL ACTION NO. 3:11-CV-1576

(JUDGE CAPUTO)

## ORDER

    NOW, this 16th day of December, 2011, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 6)  is **GRANTED** and Plaintiff's Complaint (Doc. 1) is **DISMISSED**.

    The Plaintiff shall have twenty-one (21) days from the date of this Order to file an amended complaint.  Failure to do so will result in the dismissal of this action.


                  /s/ A. Richard Caputo
                  A. Richard Caputo
                  United States District Judge